# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3384

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Kevin L. Patrick, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 14, 2004

Filed: March 24, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

This is an appeal from a denial of a motion to suppress evidence. Kevin Patrick asserts that the affidavit produced in support of a search warrant for his residence contained insufficient facts to sustain a reasonable conclusion that probable cause existed for the search. We disagree and affirm the order of the district court.[1]

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

The affidavit in question did not contain a detailed recitation, but it did state, among other things, that a confidential informant twice purchased amphetamine from Mr. Patrick, and that at least one of those purchases occurred at the premises that were searched. Mr. Patrick objects that there is nothing in the affidavit to indicate the reliability of the informant, but we think that in the present circumstances that is irrelevant. The affidavit said that the confidential informant made purchases, not that he said that he did, and this implies that the affiant was speaking from personal knowledge. We think that these statements are clearly sufficient to support a finding of probable cause.

Even if the affidavit was insufficient, moreover, the district court committed no error in denying the motion. The district judge found that the affiant had a great deal of information about Mr. Patrick's activities that was omitted from the warrant. In particular, and most important, the affiant knew that the two purchases described in the affidavit were controlled buys that occurred at Mr. Patrick's house, and one of those buys was actually supervised by the affiant. The Supreme Court has held that even if an affidavit is in itself insufficient to sustain a finding of probable cause, an officer's objectively reasonable reliance on the warrant provides a defense to a motion to suppress the evidence obtained. *See United States v. Leon*, 468 U.S. 897, 919-22, 926 (1984). In assessing the reasonableness of the officer's reliance, we take into account what he or she actually knew at the time that application for the warrant was made. *See United States v. Martin*, 833 F.2d 752, 756 (8th Cir. 1987), *cert. denied*, 494 U.S. 1070 (1990); *United States v. Chambers*, 987 F.2d 1331, 1335 (8th Cir. 1993). We conclude that the evidence seized in this case was admissible because the affiant possessed information that quite clearly gave him reason to believe that a search of Mr. Patrick's house would produce evidence of illegal activity, and the affidavit itself was not "so lacking in indicia of probable cause" as to render the officer's reliance on the warrant unreasonable. *See Leon*, 468 U.S. at 923.

Affirmed.

_____